ordered that said petition is hereby denied without prejudice to Petitioner's right to raise the issue asserted during the course of normal appellate review.

No. 14–0151/AR. U.S. v. Aaron M. Magill. CCA 20110640. Appellant's motion to file the supplement to the petition for grant of review out of time denied.

No. 14–0424/AR. U.S. v. Michael T. Brown, Sr. CCA 20121106. Appellant's motion to extend time to file the supplement to the petition for grant of review granted to March 14, 2014.

No. 14–0425/AR. U.S. v. Richard Martinez, Jr. CCA 20110570. Appellant's motion to extend time to file the supplement to the petition for grant of review granted to March 14, 2014.

No. 14–0426/AR. U.S. v. Jeremy D. Waite. CCA 20121015. Appellant's motion to extend time to file the supplement to the petition for grant of review granted to March 14, 2014.

No. 14–0427/AF. U.S. v. Jason R. Barnes. CCA 38349. Appellant's motion to extend time to file the supplement to the petition for grant of review granted to March 17, 2014.

Thursday, February 27, 2014

No. 14–0280/AR. U.S. v. Michael L. Treat. CCA 20110402. Review granted on the following issue:

WHETHER THERE IS A FATAL VARIANCE AND A VIOLATION OF APPELLANT'S DUE PROCESS RIGHT TO NOTICE WHEN THE GOVERNMENT ALLEGED THAT APPELLANT MISSED THE MOVEMENT OF A PARTICULAR AIRCRAFT BUT THE PROOF ESTABLISHED THAT HE MISSED THE MOVEMENT OF A PARTICULAR UNIT.

Briefs will be filed under Rule 25.

Friday, February 28, 2014

No. 14–0137/AR. U.S. v. Daniella M. Howard. CCA 20120844. On consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, said petition is granted on the following issue:

WHETHER APPELLANT WAS DENIED HER SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHERE DEFENSE COUNSEL FAILED TO CONDUCT A PROPER INVESTIGATION AND PRESENT VITAL EVIDENCE TO THE MILITARY JUDGE REGARDING THE DEFENSE OF DURESS AS A RESULT OF A SEXUAL ASSAULT BY A NONCOMMISSIONED OFFICER.

The decision of the United States Army Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Army for remand to that court for further appellate inquiry on the granted issue. The Court of Criminal Appeals will obtain affidavits from the trial defense counsel (military and civilian) that respond to Appellant's allegation of ineffective assistance of counsel. Under Article 66(c), Uniform Code of Military Justice, 10 U.S.C. § 866(c) (2012), the Court of Criminal Appeals shall review the ineffective assistance of counsel issue in light of the affidavits and any other relevant matters. *See United*